IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-03167-CNS-MEH

MARY SHAFFER,

    Plaintiff,

v.

FCA US LLC, a Delaware limited liability company, and
DOES 1 to 35, inclusive,

    Defendants.

---

# ORDER

---

    Before the Court is Defendant FCA US LLC's (FCA) Motion to Strike Plaintiff's Rebuttal Expert Designations for Noncompliance with Federal Rule of Civil Procedure 26(a). (ECF No. 60). The Court DENIES the motion for the following reasons.

    The Scheduling Order mandated that the parties disclose rebuttal experts by Saturday, February 12, 2022. (ECF No. 56). In the status conference, Magistrate Judge Wang ordered that no further extensions would be granted absent extraordinary circumstances. (*Id*.). Plaintiff served her rebuttal designations on Monday, February 14, 2022. (ECF No. 64). Defendant FCA argues that Plaintiff has violated Rule 26(a), counsel's failure does not constitute an extraordinary circumstance warranting an extension of the Scheduling Order under Rule 6(b), and the Court must strike Plaintiff's experts under Rule 37.

1

Plaintiff argues that the Court has authority to accept a late filing or document as a result of excusable neglect under Rule 6.  The Court, however, does not even need to reach that conclusion.  Rule 37 provides for the relief that Plaintiff seeks:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*.

Fed. R. Civ. P. 37(c)(1) (emphasis added).  Plaintiff states, and Defendant FCA does not contest, that upon realizing the disclosure deadline was February 12 and not February 14, she offered to provide her expert Stephen F. Batzer, Ph.D., P.E. for deposition and to cover the expert fees.[1] (ECF No. 64, p. 2).  The Court finds that Plaintiff's thirty-six to forty-eight-hour delay in disclosing rebuttal experts was harmless and that striking Plaintiff's expert witnesses would be disproportionally prejudicial.  *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (noting that the district court has broad discretion when determining whether a Rule 26 violation is harmless).  Defendant FCA does not and cannot claim that it suffered any prejudice, Plaintiff immediately cured the violation and offered to pay the expert and deposition fees, the trial date has not been set, and Plaintiff's error was not in bad faith or willful. *Id*.; *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002) ("Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a).").

In its motion, Defendant FCA also misconstrued *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) in the hopes of striking Plaintiff's expert witnesses for a tactical advantage.  Defendant

---

[1] It does not appear to the Court that Defendants availed themselves of this offer.  If this is so, Plaintiff need not extend the offer again.

FCA asserted: "good cause . . . would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Even a minimal review of the case would reveal that the Tenth Circuit was discussing an inflexible standard for service under Rule 4(j) and not disclosures under Rule 37. *Id.* at 174-75 ("Had the drafters of the federal rules intended to include an excusable neglect standard in Rule 4(j), they could certainly have done so."). The drafters specifically provided for harmless errors under Rule 37, which is exactly what occurred in this matter.

Accordingly, the Court DENIES Defendant FCA's Motion to Strike. (ECF No. 60).

DATED this 29th day of September 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge