IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 20-cv-03167-CNS-MEH

MARY SHAFFER,

    Plaintiff,

v.

FCA US LLC, a Delaware limited liability company,

    Defendant.

## ORDER

This matter comes before the Court on Defendant FCA US LLC's Motion to Exclude the Opinions and Testimony of Plaintiff's Expert Steven Batzer (ECF No. 59). The Court GRANTS IN PART and DENIES IN PART the motion for the following reasons.

## I. FACTS

This case arises due to alleged injuries sustained by Plaintiff following the inadvertent movement of a 2019 Dodge Caravan after Plaintiff exited the vehicle. Plaintiff has designated Dr. Batzer, a licensed professional engineer, to opine on the functionality of the gearshift lever in the 2019 Dodge Caravan. Defendant has moved to exclude the testimony of Dr. Batzer asserting that: (1) Plaintiff failed to comply with the expert disclosure obligation of Fed.R.Civ.P. 26(a)(2); (2) Dr. Batzer's opinion regarding the existence of a design defect is unreliable; and (3) Dr. Batzer should

not be allowed to testify as a rebuttal expert. Defendant has not challenged Dr. Batzer's qualifications. A nine-day jury trial is set to commence on June 20, 2023 (ECF No. 83).

## II.  LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–91 (1993). The party submitting the expert's testimony must show by a preponderance of the evidence that the testimony is admissible. *See, e.g.*, *Bethel v. Berkshire Hathaway Homestate Ins. Co.*, No. 17-CV-01456-CMA-KLM, 2022 WL 1037572, at \*2 (D. Colo. Apr. 1, 2022). To determine whether expert testimony is admissible, a court must determine whether: (1) the expert is qualified; (2) the expert's proffered opinion is reliable; (3) the expert's testimony is relevant; and (4) the proffered testimony will assist the trier of fact. *See id.* at \*2; *103 Invs. I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006); *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122-23 (10th Cir. 2006).

An expert is qualified if they have the "knowledge, skill, experience, training, or education" to render an opinion. *Roe v. FCA US LLC*, 42 F.4th 1175, 1180 (10th Cir. 2020) (citing Fed. R. Evid. 702). An expert's testimony is reliable if the methodology employed by the expert is based on "sufficient data, sound methods, and the facts of the case." *Id.* (citation omitted). The expert's testimony must be scientifically sound, but "absolute certainty" is not required. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (quotation omitted). Testimony is relevant if it

"logically advances a material aspect" of the case and has a "valid scientific connection" to the case's disputed facts. *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 n.2 (10th Cir. 2005) (citation omitted). The court looks to other non-exclusive factors to determine if the testimony will assist the jury: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility. *Rodriguez-Felix*, 450 F.3d at 1123 (citation omitted). Doubts about the testimony's usefulness should be resolved in favor of admissibility unless such factors (e.g., time or surprise) weigh in favor of exclusion. *See Robinson v. Missouri Pac. R. Co.*, 16 F.3d 1083, 1090 (10th Cir. 1994) (quotation omitted).

### III. ANALYSIS

To be sure, Plaintiff originally failed to comply with Rule 26(a)(2) by failing to disclose all relevant expert materials. Defendant elected to proceed, however, with Dr. Batzer's deposition instead of requesting a postponement. Both parties agree that Defendant received all materials by March 9, 2022. While this was shortly after the expert discovery deadline, Defendant did not move the Court to reopen Dr. Batzer's testimony, nor did it seek any other relief until it filed the present motion.

The Court has broad discretion in determining whether a Rule 26(a) violation is harmless and examines four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Applying these factors, the Court concludes that Plaintiff's non-compliance was harmless in this

3

case. Defendant has not demonstrated that it was prejudiced by the late disclosure. Nor did it accept Plaintiff's offer to reopen Dr. Batzer's deposition and pay for the cost of the expert. Defendant acknowledges that Plaintiff's omission was due to inadvertence, not bad faith, and Defendant now has all materials in its possession. As such, the Court declines to strike Dr. Batzer's testimony on this basis and Defendant's motion is denied as to this issue. To the extent Defendant asserts that it is prejudiced by this decision, the Court grants Defendant to and including April 7, 2023, to allow one of its already retained experts to rebut any "new" information provided by Dr. Batzer *after* his deposition was conducted.

Defendant next asserts that Dr. Batzer's testimony is unreliable. The Court finds these arguments unavailing. The "touchstone" of admissibility under Rule 702 is helpfulness to the factfinder. *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991). Expert testimony must be "based on sufficient facts or data" and be "the product of reliable principles and methods," and the expert "reliably appl[ies] the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). Dr. Batzer's report and deposition testimony sufficiently details his methods and analysis. The appropriate vehicle for Defendant to pursue any alleged deficiencies in Dr. Batzer's methods and analysis is cross-examination. *Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking . . . admissible evidence."). The Court, therefore, declines to strike Dr. Batzer's testimony on this basis.

Finally, Defendant moves to strike Dr. Batzer as a rebuttal expert. The Court grants this request. Plaintiff failed to produce a report detailing any rebuttal opinions to be offered by Dr. Batzer and failed to even respond to this part of Defendant's motion in its response. Dr. Batzer

will therefore be precluded from testifying as a rebuttal expert. This Order will not preclude Dr. Batzer from opining as to any of his original opinions offered in his expert report even where those opinions appear to "rebut" Defendant's experts.

## IV.  CONCLUSION

As detailed above, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Exclude the Opinions and Testimony of Plaintiff's Expert Steven Batzer (ECF No. 59).

DATED this 8th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge